## In re CHANSON.

No. 68440.

District Court, S. D. New York.

Aug. 26, 1937.

Louis M. Weber, of New York City, for alleged bankrupt.

Frederic E. Hammer, of New York City, for petitioning creditors.

MANDELBAUM, District Judge.

The first motion is by the petitioning creditors for leave to amend their involuntary petition in bankruptcy filed against the alleged bankrupt.

The second motion is by the alleged bankrupt to dismiss an ex parte order obtained by the petitioning creditors directing her husband and brother to appear before a special master for examination, pursuant to section 21a of the Bankruptcy Act (11 U.S. C.A. § 44 (a). Since both motions are directly connected, the court will treat them as one.

The petitioning creditors allege, in support of their application, that the proposed amended involuntary petition in bankruptcy is sufficient in law. They state that they cannot set forth in detail the exact dates, amounts, names of persons, and property alleged to have been transferred by the bankrupt, because the books and records of the bankrupt are in her possession, and that she has willfully refused to divulge the said details or permit them to make an examination of said books and records.

 The authorities are agreed that a petitioning creditor, in filing an involuntary petition in bankruptcy, must with particular-

ity set forth the act committed by the bankrupt which constitutes an act of bankruptcy. A failure to do so may subject this petition to a dismissal for insufficiency. But it seems to the court that the facts at bar present a situation which might very well be an exception to the general rule above stated. Here, the petitioning creditors have alleged in their proposed amended petition all that they know, concerning the bankrupt's transactions and claim that they are barred from further particularizing these transactions because the books and records are in the possession of the bankrupt who refuses to reveal the information or grant permission to examine those records. Under the circumstances, the petitioning creditors should be given an opportunity to obtain exact information which they are not now possessed of.

The alleged bankrupt's motion to vacate the order directing the 21a examination of her husband and brother ordinarily should be granted. Here, too, the reported cases are in accord that an examination under section 21a of the Bankruptcy Act can only be utilized to recover assets of the estate for distribution and not to aid petitioning creditors in establishing their case for adjudication. But the circumstances in this case impel the court to depart from the general rule.

The decision on the motion for leave to amend is held in abeyance. As to the motion to vacate the ex parte order of Judge Goddard, directing a 21a examination of Joseph Wagner and William Chanson, the motion is granted to the extent that the said ex parte order is modified in the following manner: Said persons named in the order are directed to appear before the special master, Hon. Robert P. Stephenson, as special master, at such time as shall be fixed by him and produce such books and papers in their possession that will enable the petitioning creditors to elicit the information they desire in aid of their involuntary petition in bankruptcy. This examination, however, is not to be construed as permitting a general examination under section 21a of the Bankruptcy Act, but is to be limited and solely for the purpose of obtaining the dates, amounts, names of persons, and property alleged to have been transferred by the bankrupt.

Upon completion of the examination, the petitioning creditors may submit affidavits amplifying the allegations contained in their proposed amended petition. The alleged bankrupt or her attorney shall receive a copy of said affidavits, and she may have five days thereafter in which to file answering affidavits.